IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10915
Summary Calendar

_____

PATRICIA ANN HARRELSON,

Plaintiff-Appellant,

versus

LUCENT TECHNOLOGIES INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(D.C. No. 3:98-CV-625-T)

_____

March 6, 2000

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Patricia Harrelson appeals the summary judgment entered against her on her claim

under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654. We have

reviewed the record and affirm, for the reasons given by district court and the reasons that

follow.

The record shows that Harrelson had been absent from work from January 2, 1996

until she was discharged on February 16, 1996. Consistent with the FMLA, appellee

Lucent Technologies Inc. (Lucent) requires employees requesting leave for a serious

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

health condition to provide a health care provider certification. See id. § 2613. Harrelson received a certification form on or before January 17, along with a form stating her rights and responsibilities which, consistent with Department of Labor regulations, required her to furnish the certification to Lucent in fifteen days or less. See 29 C.F.R. § 825.305(b) (1998) (authorizing fifteen-day time frame); 29 U.S.C. § 2654 (authorizing Secretary of Labor to prescribe regulations under FMLA).

Lucent did not receive the certification prior to Harrelson's termination on February 16. We agree with the district court that the January 31 report from Dr. Kanani did not comply with the certification requirements of the FMLA, see id. § 2613(b); 29 C.F.R. § 825.306 (1998), dist. ct. opn. at 8-9, nor was this form intended by Lucent to satisfy such requirements. Lucent had a separate form for FMLA certification, its FMLA-2 form, which was given to Harrelson, who in turn gave it to Kanani. This form conforms with the Department of Labor's model form, see 29 C.F.R. pt. 825, app. B (1998), and was not returned to Lucent until February 21, after Harrelson's termination. The letters from Lucent dated February 13 and 16 demonstrate that Lucent terminated Harrelson for failing to return to work and to report to the company's medical department for observation. Even if Harrelson did not receive the February 13 letter because she had moved, and she was not to blame for her doctor's failure to timely forward the certification form, she nevertheless did not raise a genuine issue of material fact that Lucent violated that FMLA in discharging her.

Harrelson argues that Lucent, in violation of the FMLA, insisted on a "second opinion" from its own medical personnel. The record reflects that Jo Ellen Blair, a nurse with Lucent, had requested that Harrelson visit the company medical department for observation and to provide medical information. Harrelson had failed to show up for

2

three such appointments in February 1996. The affidavits of Blair, benefit supervisor Paulette Lawhorne, and staff manager Dwain Saxton (who prepared the February 13 and 16 letters) established that the medical appointments were scheduled and authorized under the company's Sickness and Accident Disability Benefit Plan (SADBP), through which employees can sometimes receive wage continuation payments. The FMLA authorizes an employer who doubts the validity of a health care provider certification to obtain a second opinion, but further provides that the health care provider giving the second opinion "shall not be employed on a regular basis by the employer." 29 U.S.C. § 2613(c). The record establishes, however, that the Act was not violated by Blair's requests that Harrelson visit the company medical department. The scheduled visits were made under and authorized by the SADBP, and were not made pursuant to the FMLA's authorization of a second opinion. Lucent never requested a second opinion because it had never received a first opinion under the FMLA prior to terminating Harrelson. As explained above, Lucent did not receive a certification complying with the FMLA prior to terminating Harrelson.

Harrelson also argues that "[t]he trial court erred in holding that Lucent was entitled to count against Harrelson her absence of January 15-February 16, 1996, in order to sustain Harrelson's termination." In so arguing, she points out that Lucent itself acknowledged that her absence from work was approved through the end of January, and that the FMLA does not impose strict or wooden constraints on the timing of the health care provider certification. In analyzing this argument, we first note that Harrelson's only basis for asserting wrongful termination is an alleged violation of the FMLA.

The FMLA authorizes an employer to require a health care provider certification as a condition to granting leave. In the circumstances presented, Lucent could only have

3

violated the Act if Harrelson had presented, or was denied a statutorily imposed opportunity to present, such a certification before Lucent terminated her. The summary judgment record establishes that Harrelson did not provide such a certification before her termination, which leaves only the question of whether she was illegally denied an opportunity to present the certification before her termination.

True, as Harrelson points out, the FMLA only requires that the employee provide the health care provider certification "in a timely manner." 29 U.S.C. § 2613(a). The relevant regulation provides that "the employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request), unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts." 29 C.F.R. § 825.305(b) (1998). No later than January 17, Harrelson had received Lucent's FMLA-1 and FMLA-2 forms, since the forms were sent together and were both signed by Harrelson on that date. The rights and obligations portion of the FMLA-1 form required Harrelson to furnish the health care provider certification (the FMLA-2) within fifteen days of notice of this requirement, and by her signature she verified that "I have read and fully understand my rights and responsibilities" set out in the form.

Even though Lawhorne attested that she approved wage continuation payments through the end of January, the record shows that (1) the continuation of payments through January was not inconsistent with the requirement that Harrelson provide a health care provider certification within fifteen days of January 17, the date she received the FMLA forms, (2) this continuation of payments was made under the SADBP, not the FMLA, (3) on three occasions in early February, Lucent had arranged appointments for Harrelson to see the medical department, thus indicating that it had at least some problem

4

with the medical documentation provided, and she had missed the appointments; (4) Harrelson had been absent from work since January 2, and (5) Lucent had never told her that leave under the FMLA had been granted or that the FMLA health care certification had been received, and Dr. Kanani did not tell her that he had sent in the certification.

If the record as a whole could not lead a rational jury to find for the nonmoving party, there is no genuine issue for trial and summary judgment is warranted. See Capital Concepts Properties 85-1 v. Mutual First, Inc., 35 F.3d 170, 174 (5th Cir. 1994). On this record a rational jury could not find that the fifteen-day deadline should be extended because, under the regulation quoted above, it was "not practicable under the particular circumstances" for Harrelson to provide the required certification within the deadline "despite the employee's diligent, good faith efforts."

Finally, Harrelson argues that Lucent's failure to rehire her as a temporary worker violated the FMLA. Her claim is that because Lucent initially discharged her in violation of the FMLA, Lucent's failure to rehire her on the basis of the earlier, illegal termination likewise violated the FMLA. Because the first claim fails, for the reasons discussed above, this second claim must also fail.

AFFIRMED.